UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGED SALEH MOHAMMED SHAIBI, | Case No.: 1:18-cv-00056-BAM |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | |
| Defendant. | |

## **INTRODUCTION**

Plaintiff Maged Saleh Mohammed Shaibi ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.
[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 7, 8.)

1

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for disability insurance benefits on June 11, 2014. AR 236-37.[3] Plaintiff alleged that he became disabled on January 1, 2011, due to diabetes, back pain, depression, insomnia, blood pressure, high cholesterol and arthritis. AR 246, 250. Plaintiff's application was denied initially and on reconsideration. AR 174-77, 179-83. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Jane M. Maccione held a hearing on January 27, 2017, and issued an order denying benefits on May 17, 2017. AR 12-35, 43-96. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.[4]

**Hearing Testimony**[5]

The ALJ held a hearing on January 27, 2017, in Stockton and in Fresno, California. Plaintiff appeared with his attorney, Lawrence Rohlfing. Impartial Vocational Expert ("VE") David Dettmer also appeared. AR 45.

Following Plaintiff's testimony, the ALJ elicited testimony from VE David Dettmer. There was no objection to Mr. Dettmer serving as the VE in this case. At the outset of his testimony, the VE classified Plaintiff's past work as cashier checker, Dictionary of Occupational Titles ("DOT") number 211.462-014, light, 3. AR 76-77. The ALJ also asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to assume an individual of claimant's age, educational background, and vocational background limited to a sedentary exertional level, no use of ropes, ladders or scaffolds,

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.
[4] Plaintiff's application for late filing of his Opening Brief, filed on September 10, 2018, is HEREBY GRANTED *nunc pro tunc*. (Doc. No. 14.) The Commissioner filed a response to Plaintiff's Opening Brief on November 9, 2018, and Plaintiff replied on November 26, 2018. (Doc. Nos. 17, 18.) Plaintiff also filed a notice of new authority on April 3, 2019, and the Commissioner responded on April 5, 2019. (Doc. Nos. 20, 21.) The matter is deemed submitted.
[5] The issues in this case are limited to those concerning the Vocational Expert. Accordingly, the Court summarizes only that testimony and information relative to the Vocational Expert.

no exposure to unprotected heights, occasional use of ramps and stairs, use of a cane for balance whenever ambulating, no walking on uneven terrain, occasional balancing, stooping, couching, crawling, and kneeling, limited to simple routine tasks and simple workplace decisions, no interaction with the public and occasional interaction with coworkers and supervisors. The VE testified that this individual could not perform Plaintiff's past work. However, there were some jobs in the economy that this individual could perform, including small parts assembly, DOT code 706.684-022, sedentary 2, and hand packager, DOT 920.587-018. For the hand packager job, the VE explained that while the DOT identified the job as medium, SVP 2, hand packager exists at all exertional levels and there are published numbers for sedentary, 2, with about 20,000 in the United States. AR 77-78. Additionally, the VE identified that the hypothetical individual also could perform the job of order clerk, DOT code 209.567-014, sedentary, 2, with about 20,000 jobs in the United States. AR 78.

For the second hypothetical, the ALJ asked the VE to assume the same restrictions as the first hypothetical plus the individual could frequently maintain a production pace and consistency and frequently maintain attendance. The VE would not see employability for the person in hypothetical two. The VE confirmed that frequent production pace would disqualify and that attendance twice a month would be excessive for entry level, unskilled work. AR 78-79.

Following the ALJ's questions, Plaintiff's counsel questioned the VE regarding the source of his testimony for the number of sedentary hand packager jobs. The VE testified that he had derived the sedentary numbers from U.S. Publishing Statistics. AR 79-80. The VE could not answer whether U.S. Publishing put the small parts assembler into a specific census code, but confirmed generally that he had looked at the U.S. Publishing, Unskilled Employment Quarterly, or Occupational Employment Quarterly II. When asked about the methodology that U.S. Publishing used to generate job numbers, the VE testified that he did not have a "detailed knowledge of all their methodology at [his] fingertips" AR 81-82. The VE confirmed that he was comfortable with the job number information that he provided in response to the ALJ's hypothetical questioning despite not being familiar with the specific methodology. AR 82. The VE also confirmed that if the hypothetical individual needed a cane, he could perform the identified sedentary jobs. AR 86.

///

**Medical Record**

The relevant medical record will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 15-35. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity through his date last insured of December 31, 2015. AR 19. Through the date last insured, the ALJ identified lumbosacral degenerative disc disease, depressive disorder, anxiety disorder, diabetes mellitus, obesity and osteoarthritis as severe impairments. AR 19-20. The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 20-21. Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following restrictions: no use of ropes, ladders, or scaffolds; no exposure to unprotected heights; occasional use of ramps and stairs; use of a cane for balance whenever ambulating; no walking on uneven terrain; occasional balancing, stooping, crouching, crawling, and kneeling; limited to simple, routine tasks; limited to simple workplace decisions; no interaction with the public; and occasional interaction with coworkers and supervisors. AR 22-32. With this RFC, the ALJ found that through the date last insured, Plaintiff could not perform any past relevant work. However, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed, such as small parts assembler I, hand packager and order clerk. AR 33-35. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act from his alleged onset date through the date last insured. AR 35.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[6]

Plaintiff does not challenge the ALJ's treatment of the medical evidence or her assessment of Plaintiff's RFC. Instead, Plaintiff asserts that the ALJ erred in reconciling conflicts between the VE's testimony and the DOT. Plaintiff further alleges that the ALJ improperly relied upon the VE's testimony to determine that other work existed in significant numbers that he could perform.

**A.  ALJ's Evaluation of VE's Testimony**

The ALJ relied on VE testimony to find, through the date last insured, that there were jobs in the national economy that Plaintiff could have performed with his RFC. AR 33-34. Specifically, the ALJ

---

[6] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

5

relied on the VE's testimony that a person with Plaintiff's RFC would have been able to perform the requirements of representative occupations, such as small parts assembler I, hand packager and order clerk. AR 34. In so doing, the ALJ noted that both "at the hearing and in a 180-page post-hearing brief…the claimant's representative objected to the representative jobs identified above . . . ." AR 34. The ALJ expressly overruled these objections, and reasoned as follows:

> A sufficient basis for vocational expert testimony can be the expert's professional knowledge and experiences, as well as reliance on job information available from various governmental and other publications, of which the undersigned takes administrative notice (*see* 20 C.F.R. §§404.156(b)(2), 404.1566(d), 416.960(b)(2), and 416.966(d)). Mr. Dettmer provided a copy of his resume in advance of the hearing (Exhibit B16E). His qualifications include a master's degree in vocational rehabilitation counseling. He is a Certified Rehabilitation Counselor, a Registered Professional Rehabilitation Counselor, and a member of the International Association of Rehabilitation Professionals. Additionally, he has over 30 years of professional experience. The undersigned finds that Mr. Dettmer is a highly qualified expert in the area of vocational rehabilitation, and his testimony regarding representative occupations is accepted.
>
> The undersigned acknowledges the vocational expert has training and qualifications in vocational rehabilitation, but he is not a statistician and does not count job numbers for the Bureau of Labor Statistics. However, the vocational expert does not need to be a statistician to provide reliable testimony in this case. The vocational expert testified he relied on statistics produced from an outside source, the United States Department of Labor, Bureau of Labor Statistics. Moreover, the Social Security Administration uses vocational experts because they are qualified to resolve complex vocational issues, such as testifying about the number of jobs available in the national economy form information produced by the Bureau of Labor Statistics. The undersigned relies on Social Security regulations 20 CFR 404.1560(b)(2) and 404.1566(d) and takes administrative notice of this job data. The regulations support a sufficient basis for the vocational expert's professional knowledge and experience, and reliance on job information available from governmental sources for which the Social Security Administration takes administrative notice.
>
> Moreover, the undersigned notes that the objections raised by the claimant's representative are unpersuasive in light of the policy reflected in the Medical-Vocational Guidelines. Medical-Vocational Rule 201.25 would direct a finding of "not disabled," and the fact that the vocational expert is able to propose jobs within the assessed residual functional capacity merely supports the conclusion determined by the Medical-Vocational Rule. The rule illustrates that the Social Security Administration, as a matter of policy, has determined that there are jobs existing in significant numbers in the national economy. Therefore, the representative's objection to the numbers of jobs cited as examples by the vocational expert is noted, but it does not change the policy reflected in the Medical-Vocational Guidelines.
>
> For these reasons, the vocational expert's job information is found to be reliable and the objections thereto are overruled.

AR 34-35.

**B. The ALJ Appropriately Resolved Any Conflicts Between the DOT and the VE's Testimony that Plaintiff Could Have Worked as a Small Products Assembler or Hand Packager**

Plaintiff argues that the ALJ failed to resolve any apparent conflict between the DOT and the VE's testimony that Plaintiff could have performed work as an order clerk, a small products assembler or a hand packager. (Doc. 13 at 13-16.[7]) Plaintiff asserts that the occupation of order clerk, food and beverage, requires interaction with the public, which conflicts with his limitation of no interaction with the public. Plaintiff also argues that, as the VE conceded, the occupation of hand packager requires medium exertion and the occupation of small products assembler requires light exertion, both of which conflict with Plaintiff's limitation to sedentary work. Plaintiff contends that the VE's explanation that "some publication with unknown methodology reports some sedentary jobs within those general aggregate classifications [of hand packager and small products assembler] is not a reasonable basis for finding that those medium and light occupations permit sedentary exertion." (Id. at 15.)

An ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Pursuant to SSR 00-4p, the ALJ has an affirmative duty to inquire into the existence of potential conflicts between the VE's testimony and the DOT, and obtain an explanation from the VE regarding any conflicts that do exist. *See* SSR 00-4p, 2000 WL 1898704; *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015); *Massachi*, 486 F.3d at 1152-53. If there is conflict between the VE's testimony and the DOT, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the DOT." *Massachi*, 486 F.3d at 1153. Failure to conduct such inquiry is analyzed under the harmless error standard. *See Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015); *see also Massachi*, 486 F.3d at 1154 n.19 (stating that the error is harmless where "there [is] no conflict, or if the vocational expert ha[s] provided sufficient support for her conclusion so as to justify any potential conflicts.").

---

[7] All page references correspond with numbering in the Court's CM/ECF system.

In this instance, the ALJ found that Plaintiff had the RFC to perform sedentary work. AR 23. During the administrative hearing, the ALJ asked the VE to consider a hypothetical individual of Plaintiff's age, educational background and vocational background who was limited to a sedentary exertional level. The VE testified that such an individual could perform the work of small parts assembly, DOT code 706.684-022, sedentary 2, and hand packager, DOT 920.587-018. AR 77-78. Relying on the VE's testimony, the ALJ determined that a person with Plaintiff's RFC would have been able to perform the requirements of representative occupations, such as small parts assembler I, hand packager and order clerk. AR 34.

Plaintiff correctly notes that the DOT classifies the occupation of hand packager as "medium work" (DICOT 920.581-018, 1991 WL 687916), and the occupation of assembler, small products I, as "light work" (DICOT 706.684-022, 1991 WL 679050). The DOT thus conflicts with Plaintiff's limitation to sedentary work, and the ALJ was required to obtain an explanation from the VE regarding the conflict. *See* SSR 00-4p, 2000 WL 1898704; *Rounds*, 807 F.3d at 1003.

Here, the VE expressly acknowledged the conflict between the DOT and Plaintiff's RFC, noting that at the time jobs were categorized, it was the Department of Labor's policy "to general[ly] categorize a job at the highest exertional [level]."[8] AR 77. The VE then explained that the hand packager occupation "exists at all exertional levels," and that he had sedentary numbers for both small parts assembly, even though it was classified as light, and hand packager, even though it was classified as medium, and these numbers were based on U.S. Publishing Statistics. AR 78, 80, 86. Thus, the VE provided an explanation regarding his deviation from the DOT. The ALJ was therefore required to determine whether the VE's explanation for the conflict was reasonable and whether a basis existed for relying on the VE rather than the DOT. *Massachi*, 486 F.3d at 1153.

---

[8] Plaintiff's argument that the DOT does not classify occupations by their highest exertional requirements is not persuasive. (Doc. 13 at 17.) According to SSR 00-4p, the "DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00-4P, 2000 WL 1898704, at *3. Further, the Ninth Circuit has confirmed that the DOT reflects the "maximum requirements" of work. *See Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (the "Dictionary refers to 'occupations,'" which "is a broad term that … lists 'maximum requirements' of the jobs").

8

In her decision, the ALJ acknowledged the conflicts between the VE's testimony and the DOT regarding the occupations of small parts assembler I and hand packager, stating as follows:

> The vocational expert testified that, although it is classified in the DOT as light work, the job of small assembler I has sedentary numbers pursuant to U.S. Publishing statistics. [¶] The vocational expert testified that, although it is classified in the DOT as medium work, the job of hand packager is performed at all exertional levels.

AR 34 at n. 7, 8. The ALJ found the VE's testimony reliable based on his qualifications and over 30 years of professional experience, accompanied by the VE's reliance on job information available from administratively noticed governmental sources.[9] AR 34-35. "When offering testimony, [vocational] experts may invoke not only publicly available sources but also "information obtained directly from employers" and data otherwise developed from their own "experience in job placement or career counseling." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152, 203 L. Ed. 2d 504 (2019) (quoting Social Security Ruling, SSR 00–4p). The ALJ was entitled to rely on the expert's "experience" to account for "a particular job's requirements." SSR 00-4P, 2000 WL 1898704, at *2 (acknowledging that there may be a reason for classifying the exertional demands of an occupation as generally performed differently than the DOT, such as based on other reliable occupational information); *see also Gutierrez*, 844 F.3d at 809. The VE's opinion therefore qualifies as "more than a mere scintilla" of evidence necessary to support the ALJ's conclusion, *Biestek,* 139 S.Ct. at 1156, and the Court finds no error with respect to the hand packager and small parts assembler occupations.

In the absence of any error with respect to these occupations, it is unnecessary to reach Plaintiff's additional argument regarding the alternative occupation of order clerk. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination.'") (citations omitted). As discussed below, the 30,000 sedentary small products assembler jobs that the VE identified constitute a significant number of jobs in the national economy (AR 34-35). *See Gutierrez*, 740 F.3d at 528-29 (finding 25,000 national jobs a significant number). Therefore, the VE's testimony regarding Plaintiff's capacity to perform the remaining order clerk

---

[9] Plaintiff did not object to Mr. Dettmer's qualifications as a VE. AR 76.

occupation is irrelevant to the ALJ's non-disability decision. *Molina*, 674 F.3d at 1115 (deeming legal errors harmless where they did not alter the ALJ's decision).

### C. The ALJ was Entitled to Rely Upon the VE's Testimony Regarding Job Numbers

In finding Plaintiff not disabled, the ALJ relied on the VE's testimony that there were 30,000 sedentary small products assembler and 20,000 sedentary hand packager jobs that an individual with Plaintiff's RFC could have performed through the date last insured. AR 34.

Plaintiff challenges the job numbers identified by the VE for the small products assembler and hand packager jobs, arguing that the VE conceded that he used U.S. Publishing for his job numbers, but could not answer questions about how U.S. Publishing formulated and reported job numbers. (Doc. No. 13 at 17, 19-20.) Plaintiff asserts that the VE's testimony regarding job numbers lacked reliability because the VE could not attest to the reliability of the methodology used by U. S. Publishing.

Plaintiff's challenge lacks merit. "An ALJ may take administrative notice of any reliable job information, including information provided by a VE," and the "VE's recognized expertise provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). As a result, "no additional foundation is required." *Id.*; *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109-10 (9th Cir. 2017) ("[A]n ALJ may rely on a vocational expert's testimony concerning the number of relevant jobs in the national economy." ); *Diedrich v. Berryhill*, 699 Fed.App'x 726, 727 (9th Cir. 2017) (rejecting claimant's contention that the ALJ could not rely on the VE's job numbers testimony because the record did not reflect whether the VE gave testimony based on reliable methods and data). The vocational expert was entitled to rely on his professional expertise to determine the number of available jobs. *See Rincon v. Colvin*, 636 Fed.App'x 963, 964 (9th Cir. 2016). Accordingly, the ALJ was entitled to rely on the VE's testimony concerning the number of available jobs as substantial evidence to support the ALJ's disability determination. *See Bayliss*, 427 F.3d at 1218; *see also Edginton v. Colvin*, 625 Fed.App'x 334, 335 (9th Cir. 2015) (finding VE's analysis of the job market may serve as substantial evidence supporting ALJ's decision); 20 C.F.R. § 404.1566(e).

Plaintiff also argues that the vocational expert's testimony regarding job numbers conflicted with the DOT, citing *Chavez v. Berryhill*, 895 F.3d 962 (7th Cir. 2018). (Doc. No. 13 at 23-27). However, as the *Chavez* court recognized, the DOT "describes only job duties and requirements, without also

reporting an estimate of how many of those positions exist in the national economy." *Id.* at 965. Thus, to determine the number of jobs, a VE must consult another resource. *Id.* In the absence of job numbers in the DOT, there is no apparent conflict between the VE's testimony and the DOT. *See Kirby v. Berryhill*, No. SA CV 18-497-E, 2018 WL 4927107, at *4 (C.D. Cal. Oct. 10, 2018). *Id.*

Further, Plaintiff's effort to undermine the reliability of the VE's testimony through his own lay assessment of vocational information and job data is unavailing. Courts considering arguments similar to those counsel now makes have found that such lay assessment of raw data cannot rebut a vocational expert's opinion. *See Frayer v. Berryhill,* No. 2:17-cv-2437-EFB, 2019 WL 1206747, at *5 (E.D. Cal. Mar. 14, 2019) (noting other courts have found that lay interpretation of raw job numbers insufficient to undercut a VE's analysis.); *Kirby*, 2018 WL 4927107 at *4. As indicated in both *Frayer* and *Kirby*, counsel's lay assessment of the data derived from the Occupational Outlook Handbook ("OOH") and Job Browser Pro does not undermine the reliability of the vocational expert's testimony. Counsel has not offered any expert opinion interpreting data from these or other sources to undercut the VE's analysis. *See Frayer*, 2019 WL 1206747 at *5; *Kirby*, 2018 WL 4927107 at *4.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Maged Saleh Mohammed Shaibi.

IT IS SO ORDERED.

Dated: __**August 1, 2019**__　　　　　　 /s/ *Barbara A. McAuliffe*　　
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE